IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00796-BNB

ALFONSO R. FLORES,

    Plaintiff,

v.

LAKE COUNTY SHERIFF ED HOLTE, and
LAKE COUNTY SHERIFF'S DEPARTMENT,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 26 2006

GREGORY C. LANGHAM
CLERK

ORDER DIRECTING PLAINTIFF TO FILE
AMENDED COMPLAINT

Plaintiff Alfonso R. Flores is incarcerated at the Colorado Department of Corrections and currently is being held at the Colorado State Penitentiary in Cañon City, Colorado. On April 17, 2006, he submitted to the Court a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges that while he was held at the Lake County Jail in Leadville, Colorado, he was denied proper medical treatment. Plaintiff seeks money damages.

The Court must construe the Complaint liberally, because Mr. Flores is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

Mr. Flores may not sue Defendant Lake County Sheriff's Department. The Lake County Sheriff's Department is not a separate entity from Lake County and, thus, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D.

Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). The claim asserted against the Lake County Sheriff's Department must be considered as asserted against Lake County.

Nonetheless, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Flores cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Further, pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Furthermore, § 1997e requires that Plaintiff properly exhaust his administrative remedies, which includes following all procedures set forth in a prison grievance system. *Woodford, et al., v. Ngo*, 126 S. Ct. 2378 (2006).

Plaintiff was held in a jail at the time the claims arose, and the claims raised in this action relate to jail conditions. Therefore, Plaintiff must have exhausted all the available administrative remedies. Furthermore, § 1997e(a) "imposes a pleading

requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 335 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Plaintiff must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211.

Plaintiff has failed to meet the **Steele** requirement. In response to Question Two, under Section F., "Administrative Relief," of his Complaint, Plaintiff states that he has not exhausted his administrative remedies because he "still [is] getting medical treatment." Therefore, Plaintiff will be directed to show cause why the Complaint should not be dismissed for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that Mr. Flores shall file **within thirty days from the date of this Order** an Amended Complaint that names only proper defendants and that shows cause why the Court should find that Plaintiff has exhausted his administrative remedies with respect to each claim that he raises. It is

FURTHER ORDERED that the Amended Complaint shall be titled, "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Flores, together with a copy of this Order, two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that Mr. Flores submit an original and sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that if Mr. Flores fails to file **within thirty days from the date of this Order** an Amended Complaint that complies, to the Court's satisfaction, with this Order the action will be dismissed without further notice.

DATED at Denver, Colorado, this 26th day of July, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
CRAIG B. SHAFFER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00796-BNB

Alfonso R. Flores
Reg. No. 119483
Colo. State Pent.
P.O. Box 777
Canon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on __7-26-06__

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk